THE PEOPLE OF THE STATE OF NEW YORK ex rel. EDWARD W. CRITTENDEN, Respondent, v. PATRICK KEENAN, Clerk of the City and County of New York, Appellant.

*Transcript of a judgment — how it must be attested to authorize a county clerk to docket it — Code of Civil Procedure, secs. 1246, 1247.*

The relator presented to the defendant, the county clerk of New York, an instru-ment which he claimed to be a transcript of a judgment recovered in the City Court of Brooklyn and sought to have the same docketed by the defendant. The instrument set forth the name of the party against whom, and the name of the party in whose favor, the judgment had been recovered, the amount of the judgment and the time of its filing, together with the name of the attor-ney. .At the end of it was the following certificate: "Office of the Clerk of the City Court of Brooklyn, ss.: I do hereby certify that the foregoing con-tains all the facts necessary to make a perfect docket of the judgment rendered in the City Court of Brooklyn in the above cause. Dated Brooklyn, N. Y., January 12, 1884. C. W. Thomas, Clerk."

*Held,* that the defendant properly refused to docket the judgment, as the instru-ment purporting to be a transcript thereof was not "attested" by the clerk of the City Court as required by section 1247 of the Code of Civil Procedure.

Appeal from an order made at a Special Term directing the issue of a peremptory writ of *mandamus* requiring the defendant to docket a judgment.

*Charles F. MacLean,* for the appellant.

*R. M. Martin,* for the respondent.

Brady, J.:

The respondent, claiming to be the possessor of a judgment against one Edward B. Lansing, recovered in the City Court of Brooklyn, January 15, 1875, for the sum of $168.09, sought to file a transcript of it in the office of the clerk of the county of New York, and, as appears by the affidavit, presented what was regarded as a transcript of the judgment to the appellant, and tendered the fees provided by the statute. But the appellant refused to receive the transcript and enter it upon his docket, as in such case made and provided by the statute relating to the subject. The following is a copy of the transcript and the attestation:

Year, 1875; names of parties against whom judgments have been obtained, Edward B. Lansing; names of parties in whose favor judgments have been obtained, Edward W. Crittenden; attorneys' names, E. W. Crittenden; time of filing, month, January; day, fifteenth; hour, twelve; minutes, five; amount, $168.09.

Office of the Clerk of the City Court of Brooklyn, ss. :

I do hereby certify that the foregoing contains all the facts necessary to make a perfect docket of the judgment rendered in the City Court of Brooklyn in the above cause.

Dated Brooklyn, N. Y., *January* 12, 1884.

C. W. THOMAS, *Clerk*.

It will be observed that the clerk does not certify that it is a transcript of the docket of the judgment entered in the court of which he is clerk, the certificate being only that the transcript which he gives furnishes all the facts necessary to make a perfect docket of the judgment which was rendered in the court of which he is clerk; and whether this is a statement made by the clerk, or whether it is a transcript of the docket which is entered upon the records of his court, does not appear from the certificate. It is, therefore, regarded as incomplete and insufficient to warrant the issuing of a writ of peremptory *mandamus* to accomplish the object which the judgment creditor had in view.

Section 1246 of the Code declares what each clerk shall do when he files a judgment-roll upon a judgment rendered in a court of which he is clerk, and section 1247 provides that a clerk with whom a judgment-roll is filed upon a judgment docketed as prescribed in section 1246 must furnish to any person applying therefor and paying the fees allowed by law, one or more transcripts of the docket of the judgment, attested by his signature. That is to say, he is to certify that the transcript of the docket of the judgment which he furnishes is a correct transcript of such docket. Such, as already suggested, was not done in this case, but a certificate given that it contained all the necessary facts to make a perfect docket of the judgment itself.

The county clerks of the State are required to immediately file such a transcript as contemplated by that section, and docket the

judgment as prescribed in section 1246 in the appropriate docket book kept in their office, and· if the transcript, therefore, had been properly attested, it would have been the duty of the appellant to file it and to docket the judgment upon the payment of his fees, immediately upon its presentation. The transcript and the certificate of the clerk should bear evidence upon their face, and without resort to any evidence *dehors* the record that a judgment existed in the court from which the judgment emanated, duly certified by the · clerk of the court.

The certificate accompanying the supposed transcript in this matter, as already suggested, does not contain this element. This view becomes the more impressive from the fact that there is no special form prescribed by the Code for the certificate. But it is enacted by section 957 of the Code that where a transcript, exemplification or certified copy of a record or other paper is declared by law to be evidence, and special provision is not made for the form of the certificate in the particular case, the person authorized to certify must state in his certificate that it has been compared by him with the original, and that it is a correct transcript therefrom and of the whole of the original. And inasmuch as the filing of the transcript becomes a lien upon real estate, there is no reason why this provision should not apply to transcripts such as considered and the formula declared adopted. But however this may be, it is very clear that the certificate considered in this case is insufficient.

Order reversed, with ten dollars costs and the disbursements of this appeal.


Daniels, J. :

The object of the writ was to require the appellant to file, as it was presented to him, a paper claimed to be a transcript of a judgment recovered in the City Court of Brooklyn, and to docket the same, as such, in his office. The paper delivered to him for that purpose, was in the following words, figures and form :

Year, 1875 ; names of parties against whom judgments have been obtained, Edward B. Lansing; names of parties in whose favor judgments have been obtained, Edward W. Crittenden ; attorneys

name, E. W. Crittenden; time of filing, month and day, January 15; hour and minute, 12:05; amount, $168.09.

And it was followed by this certificate:

Office of the Clerk of the City Court of Brooklyn, *ss.:*

I do hereby certify that the foregoing contains all the facts necessary to make a perfect docket of the judgment rendered in the City Court of Brooklyn, in the above cause.

Dated Brooklyn, N. Y., *January* 12, 1884.

C. W. THOMAS, *Clerk.*

And if that was a compliance with what the Code has prescribed, to entitle a transcript of a judgment to be docketed, then the writ was properly ordered to be issued, for the appellant had declined to docket the judgment upon this paper. Section 1246 of the Code of Civil Procedure has prescribed what shall be done to make a proper and legal docket of a judgment recovered, and the next section following has required the clerk with whom the judgment may have been docketed, to furnish to any person applying therefor, one or more transcripts of such docket, attested by his signature, and further directing the county clerk to whom such transcript is presented, immediately to docket the judgment as prescribed in the preceding section, in the appropriate docket book kept in his office, upon the payment of his fees. But before he can be required to perform this duty the transcript must be attested by the signature of the clerk. What shall be done to comply with this requirement has not been specially declared. But it is evident from the provision that it is to be attested, that some certificate shall be added showing the instrument to be a transcript of the judgment docketed in his office. From the nature of the case no intelligent discharge of the duties prescribed by the section could be otherwise secured. For that purpose it is indispensable that official information shall in some form be given by the attestation that the instrument attested is a transcript of the docket in the office of the clerk.

A transcript can be no otherwise made than by completely copying the instrument to be transcribed, and it cannot be intelligently attested by the mere signature of the officer transcribing it, without a statement that it is such a transcript. The law requires more

than the signature of the officer making the transcript, for it requires an attestation in such a form as to show that the instrument to which it may be appended, to be a transcript, and that can only be done by some intelligent statement of the fact that the instrument is a transcript of the judgment docket kept in his office.

The certificate handed to the clerk in this instance contained no such statement, nor anything equivalent to it. It was not in any form stated that the words, figures and form preceding it, were a transcript of any book, docket, or paper whatsoever, in the office of the clerk of the City Court of Brooklyn, but it was merely a statement that the foregoing contained all the necessary facts to make a perfect docket of a judgment rendered in the City Court of Brooklyn in the above cause. That the judgment had been docketed, or that the statement so transcribed was from the docket, was not in any manner or form set forth in the certificate. In these respects it was materially and radically defective, and the appellant, therefore, was right in refusing to file it and docket the judgment on its authority in his office.

The order should be reversed, and the motion for a writ of peremptory *mandamus* denied, with costs.

DAVIS, P. J., concurred.

Order reversed, with ten dollars costs and disbursements.